Pearson, C. J.
 

 In regard to the field at x, no question is made; the trespass in entering on the land and cutting switch
 
 *462
 
 es along the lines a, b, c, d, is justified under a warrant of survey ; to which the plaintiff replies,
 
 “ de injuria, absque tali causa”
 
 treating the warrant of survey as a nullity. The case assumes that the land was not vacant, and the only question made is, as to the form of action.
 

 Supposing the warrant of survey to be applicable to this particular piece of land ; this Court is of opinion, that as the land was not vacant, the warrant was void and of no effect, and did not justify the entry; and consequently, that
 
 trespass vi et armis quare olausum fregit
 
 was the proper action ; according to a well-settled distinction, i. e., where the process is void for the
 
 want of
 
 power, trespass
 
 vi at cwmis
 
 lies. Where the process is valid by reason of the power to issue it, then an action on the case must be brought for taking out, and acting under the the process without probable cause, or in a wrongful and oppressive manner; for instance, if an entry taker should issue a warrant to survey a tract of land lying in another county ; or, if a justice of a peace should issue a warrant to arrest a party for an offense, committed in another county. These warrants would be void for the want of power, and the party, whose land is trespassed on, or whose body is arrested, would recover damages in trespass
 
 vi et armis.
 

 So we think a warrant to survey a tract of land, which is not vacant, is void for the want of
 
 power,
 
 and of course, cannot justify an entry and the cutting of switches, for the purpose of making a survey. The act relative to “ entries and grants,” is expressly confined to “vacant and unappropriated land
 
 belonging to the State.”
 
 The entry faker has no power to take an entry and issue a warrant of survey for laud which belongs to individuals, and if he does so, his act is a nullity ; so that a party, who makes an entry, acts upon his own responsibility and must see to it, that the laud is vacant and belongs to the State, and is not private property. It was not the intention of the Legislature, by the act under consideration, to empower an entry taker to authorise one man to trespass upon the land of another; that would indeed be, a high exercise of the right of “ eminent domain,” and should be ex-.
 
 *463
 
 pressed in the most direct and unequivocal terms. So far from such being the case, the power of the entry taker is expressly confined to vacant and unappropriated land belonging to the State.
 

 It is said, according to this construction, persons will, in many instances, be deterred from making entries, although in fact, the land may be vacant, and thus the State may lose revenue. That is so. Many small pieces of land will remain ungranted, because no one will “ take the responsibility.” If the land be in fact vacant, the warrant will protect the surveyor and his party in passing over the land of individuals in order to get to it, there being a right of way
 
 ex necessitate
 
 implied. But if the land be not in fact vacant, then the warrant is void for the want of power, and can have no force for the purpose of protection and justification. As a matter of expediency, it may be better to allow these little slips of land to be lost to the State by gradually falling into tho adjoining tracts, than to cause the profitless litigation and the ill feeling that would be stirred up, by permitting private property to be interfered with, without some degree of responsibility on the individual who institutes the proceeding. It may be doubted whether the description in the warrant of survey, is applicable to the narrow slip of land, supposed by the defendant to be vacant, and to lie in the shape of a wedge between two grants to Collins. It is difficult to conceive how the description, “ one hundred acres of land on the waters of Buffalo Creek, adjoining the land of Hugh Borders, James Eippy, and his own,” (the defendant’s) can be applicable to this little slip, and if the description in the warrant does not fit, then, of course, it could not authorise the survey. But we prefer to put our decision on the broad ground, that the warrant was void, because the entry taker had no pow'er to issue it,- as the land was not va- ■ cant. Judgment of nonsuit reversed, and judgment for the plaintiff, upon the verdict, upon the agreement in regard to the question as to the form of action.
 

 PER CURIAM, Judgment reversed.